IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DANAE MARIE GARCIA,**

    **Plaintiff,**

**v.**                                                                                                          **No. 20-cv-0064 SMV**

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17], filed on June 9, 2020. The Commissioner responded on August 18, 2020. [Doc. 19]. Plaintiff replied on September 1, 2020. [Doc. 20]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed in his duty to develop the record when he denied Plaintiff's request to subpoena her mental health records from Rio Grande Counseling and Guidance Services ("Rio Grande"). Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481 (1980).  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (2015); 20 C.F.R. § 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 416.920 (2012); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff was born on July 15, 1997, and applied for supplemental security income ("SSI") at age 19, on December 9, 2016. Tr. 15. She alleged a disability-onset date of September 1, 2014. *Id.* She alleged suffering traumas in childhood and disabling anxiety into her current adult life. She dropped out of school in sixth grade and has not attempted to earn a GED. Tr. 37. She lives with her grandmother and great-grandmother, who provide for her needs, other than the foods stamps she receives. Her mother once got her a job as a bagger at a grocery store, but she was unable to complete even one day of training. Tr. 37, 494.

Her SSI claim was denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Michael Leppala held a hearing on March 20, 2019, in Albuquerque, New Mexico. Tr. 15, 31. Plaintiff appeared in person with her attorney. Tr. 15, 31. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Zachariah R. Langley. Tr. 15, 31–56 (transcript of hearing).

The ALJ issued his unfavorable decision on May 28, 2019. Tr. 25. At step one, he found that Plaintiff had not engaged in substantial gainful activity since December 9, 2016, the date of her application. Tr. 17. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder, social anxiety disorder, and posttraumatic stress disorder ("PTSD"). *Id.* The ALJ further found that Plaintiff's obesity was not severe. *Id.* At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18–19. Because none of Plaintiff's impairments met or

medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 19–23.  In so doing, the ALJ rejected the opinions of Plaintiff's treating physician Dr. Barnes, her treating counselor Ms. Costilla, and the examining psychologist Dr. Baum.  Tr. 20–23.  The ALJ also rejected the testimony of Plaintiff, her mother, her grandmother, and her cousin.  Tr. 23.  Instead, the ALJ relied on the opinions of the non-examining physicians in assessing Plaintiff's RFC.  *Id.*  The ALJ found that Plaintiff had:

> the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, carry out, and remember simple instructions and make commensurate work-related decisions, respond appropriately to supervision, co-workers, and work situations, deal with routine changes in work setting, maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. She is limited to occasional interaction with co-workers, supervisors, and the general public.

Tr. 19.

At step four, the ALJ found that Plaintiff had no past relevant work.  Tr. 23.  Accordingly, the ALJ proceeded to step five.  Tr. 24–25.  The ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE.  *Id.*  He found that Plaintiff could perform the duties of hospital cleaner, hand packager, and assembler-products.  Tr. 24.  He further found that such jobs existed in significant numbers in the national economy, and therefore, Plaintiff was not disabled.  Tr. 25.  The Appeals Council denied review on November 23, 2019.  Tr. 1–3.  Plaintiff timely filed the instant action on January 22, 2010.  [Doc. 1].

## Discussion

Through counsel, Plaintiff attempted to obtain records from Rio Grande for the period between 2014 and 2016 to submit to Defendant, but Rio Grande refused, stating that its records

were protected as psychotherapy notes under HIPAA. *See* Tr. 491 (citing 45 C.F.R. § 164.524(a)(1)(i)). In writing, on January 16, 2019, Plaintiff's counsel requested that the ALJ subpoena the records considering that Rio Grande had refused to produce them. *Id.* At the hearing on March 20, 2019, counsel inquired about the subpoena, but the ALJ denied the request because he found that counsel had made "insufficient effort" to procure them on her own. Tr. 35–36. Plaintiff argues that the ALJ failed his duty to develop the record in declining to subpoena the treatment notes from Rio Grande. [Doc. 17] at 9–13. The Court agrees.

"In a social security disability case, the claimant bears the burden to prove her disability." *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009). To be sure, administrative disability hearings are "nonadversarial and the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Id.* (internal quotation marks and ellipsis omitted). Further, the ALJ's duty to develop the record applies "even if the claimant is represented by counsel." *Id.* at 1063. However, an ALJ's duty to develop the record is not unqualified. *Id.*

Several preconditions inform an ALJ's duty to develop the administrative record. *Id.* Under normal circumstances, the ALJ may reasonably rely on "counsel to identify the issue or issues requiring further development." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Moreover, a claimant need not only "raise" the issue she seeks to develop, although that issue must also be "substantial" "on its face." *Wall*, 561 F.3d at 1062. Ultimately, the "ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).

Here, Defendant urges that the ALJ committed no error because the records were not material or "necessary for full presentation of [the] case." [Doc. 17] at 5 (quoting 20 C.F.R. § 416.1450(d)). Defendant relies heavily on his inference that the Rio Grande records comprise only two months' worth of counseling notes that dated too early in time to matter. *Id.* Defendant cites to a treatment note from December 13, 2016, when Plaintiff established care with Dr. Naranjo. Tr. 302. In that note, Dr. Naranjo discussed Plaintiff's treatment history: "[Patient] saw Elizabeth Johnson at Rio Grande Counseling, for a few months, from 9/16 to 11/16. Claudia Cruz was the prescriber at Rio Grande." *Id.* Based on this reference, Defendant presumes that the Rio Grande records, indeed, only cover September to November of 2016. [Doc. 17] at 5. On that presumption, and based on the presence of many other mental health notes in this record, Defendant argues that the Rio Grande records were too few to be material. *Id.* Further, Defendant argues that the Rio Grande records are not material because they pre-date Plaintiff's date of eligibility for payment SSI benefits, which he argues is February of 2017. *Id.* For these reasons, Defendant urges that the ALJ fully developed the record and did not commit reversible error in declining to subpoena the Rio Grande records. *Id.* The Court is not persuaded.

Plaintiff was represented by competent counsel at the hearing, and counsel alerted the ALJ to the Rio Grande records and twice requested a subpoena after she was unable to procure them on her own. Therefore, the ALJ was certainly on notice of the existence of the records. Moreover, the ALJ did not deny the subpoena request because the thought the records were not material. Instead, he denied the request because he was not satisfied with counsel's effort in obtaining the treatment notes on her own. Tr. 37. The dispute in this appeal is really about whether the notes

from Rio Grande appeared to be "substantial," "material," or "necessary for the full presentation of [the] case." The Court finds that they were.

The ALJ rejected the opinions of Plaintiff's treating physician, treating counsellor, and the examining psychologist, because *inter alia* he found their opinions inconsistent with the record. Tr. 21 (finding Dr. Baum's opinion "inconsistent with the overall record), Tr. 22 (finding counsellor Costilla's opinion "inconsistent with [Plaintiff]'s behavior treatment records), Tr. 22 (finding Dr. Barnes's opinion "not fully supported by the overall record"). The state of the record, therefore, was of critical importance. Once the ALJ settled on a view of "the record" and denied Plaintiff's SSI claim based (at least in part) on such view, it was improper to decline to subpoena the treatment notes from Rio Grande, which had been brought to his attention. The ALJ violated his duty to develop that record under these circumstances. The Rio Grande records were necessary for the full presentation of Plaintiff's case. *See Baker v. Bowen*, 886 F.2d 289, 292 (10th Cir. 1989) (finding that ALJ erred in failing to subpoena records that P could not obtain on her own). Remand is warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [Doc. 17] be **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**